**UNITED STATES of America**

v.

**James M. DARBY.**

**Crim. A. No. 61–295.**

United States District Court
W. D. Pennsylvania.

Jan. 25, 1962.

Thomas Ferris and Samuel J. Reich, U. S. Attys., for plaintiff.

Albert Martin, Pittsburgh, Pa., for defendants.

WILLSON, District Judge.

This is a motion under Rule 41 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., in which defendant, James M. Darby, seeks to suppress certain evidence seized by agents of the Alcohol and Tobacco Tax Division of the Internal Revenue Service, that is to say, the petitioner seeks to have suppressed, the keys to 1956 Oldsmobile Sedan, twelve twenty-five pound sacks of Jack Frost sugar and two one-half pints of illicit whiskey. A search warrant dated August 16, 1961, had been issued by the United States Commissioner in the name of John or Jane Doe for the premises being a two and one-half story gray frame building situate at 7029 Apple Street in the City of Pittsburgh, Pa., the search being for concealed distilling apparatus, etc. The officers executed the warrant on the next day, August 17, 1961. In the affidavit which preceded the warrant, the affiant had stated that Sherman J. Strider was operating an illicit distillery at 7029 Apple Street. When the raid was conducted, Strider was found on the premises. The next day, August 18th, a warrant of arrest was secured and Strider was arrested as was also one Alvis R. Ross, Jr. The case against those two defendants is not before the court at this time. However, the next day also, that is August 18, 1961, a warrant of arrest was issued for one James M. Darby, defendant and petitioner, charging him with carrying on the distillery and business, etc. From the facts developed at the hearing on the petition to suppress, it appeared that defendant Darby had the misfortune to appear on the premises, 7029 Apple Street, during the course of the raid by the government officers. He was immediately searched and his car keys taken from him. His automobile was found one-half block away from the premises where the search was being conducted. Using the keys which they had taken

from the defendant, the officers searched the car and in the vehicle found the sugar and whiskey heretofore mentioned. This is the evidence sought to be suppressed. The motion must be granted. Defendant's car was not covered, of course, under the search warrant which had been obtained, nor was it on the premises being searched under the warrant, nor was it searched as an incident to a lawful arrest of the defendant. The arrest warrants for all three defendants were not issued until the next day.